IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MORGAN HATCH and OMAR SALAZAR,<br><br>                Plaintiffs,<br><br>v.<br><br>AUTOVEST LLC,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION<br><br><br>Case No. 2:20-CV-758 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Compel Arbitration as to Plaintiff Morgan Hatch.[1]

## I.  BACKGROUND

In 2013, Plaintiff entered into a contract with First Investors Financial Services, Inc. ("First Investors") to refinance a loan she previously obtained to purchase a 2009 Ford Focus ("Contract").  At that time, Plaintiff also signed an Arbitration Agreement that was incorporated into the Contract.  In 2017, First Investors sold all rights in the Contract to Defendant.

In 2019, Defendant filed suit in Utah state court to collect the unpaid balance owed under the Contract (the "state court action").  The state court entered judgment against Hatch in May 2019.  Plaintiff now brings suit, arguing that Defendant's debt collections were unlawful because it was not properly registered under Utah law.  Defendant seeks to compel arbitration based on the Arbitration Agreement incorporated into the Contract.

---

[1] The parties previously agreed to arbitration as to Plaintiff Omar Salazar and the case has been stayed against him.

1

## II.  DISCUSSION

The Federal Arbitration Act provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[2]  If the Court is "satisfied that the issue involved . . . is referable to arbitration under such an agreement," the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[3]

The Court's role under the Federal Arbitration Act is limited to determining: (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.[4]  Here, Plaintiff does not contest that an agreement exists or that the agreement encompasses this dispute.  However, Plaintiff argues that Defendant's Motion should be denied because Defendant waived its right to pursue arbitration by bringing the state court action and Defendant has failed to show that it acquired the right to arbitrate.

As this Court recently stated, "federal courts have consistently held that federal law is used to determine whether the right to arbitrate has been waived."[5]  The Tenth Circuit considers the following factors to determine whether a party has waived the right to arbitrate:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the

---

[2] 9 U.S.C. § 2.

[3] 9 U.S.C. § 3; *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010).

[4] *Granite Rock Co.*, 561 U.S. at 296.

[5] *Kathan v. Autovest, LLC*, No. 2:19-cv-00486-TC, 2019 WL 4757870, at *1 (D. Utah Sept. 30, 2019).

proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.[6]

"A party asserting a waiver of arbitration has a heavy burden of proof."[7]

Plaintiff has not addressed any of these factors. Considering them, the Court concludes that Defendant has not waived its right to arbitrate this case by bringing the state court action. As the Honorable Tena Campbell stated, "[t]he clear weight of authority supports the finding that filing the original state court action had no effect on whether Autovest waived its right to arbitrate in this later action."[8] Plaintiff's reliance on Utah case law is unpersuasive.

Plaintiff also argues that Defendant has failed to show that it was assigned the specific right to arbitrate. Specifically, Plaintiff argues that Plaintiff failed to provide the Court two documents (the Forward Flow Account Purchase Agreement and the Account Schedule). Plaintiff fails to adequately explain why these documents are required. She merely speculates that the documents may show that Defendant did not acquire the right to arbitration. The Court disagrees with Plaintiff's contention that the documents Defendant provided with its Motion were insufficient. However, to the extent any deficiency existed, it was remedied when Defendant included redacted versions of these documents with its reply. These documents, in combination, plainly demonstrate that Defendant has acquired the right to arbitrate.

Even without these additional documents, Plaintiff's argument fails because Defendant is a third-party beneficiary under the Contract, which incorporated the Arbitration Agreement. The

---

[6] *In re Cox Enters., Inc. Set-top Cable Television Box Antitrust Litig.*, 790 F.3d 1112, 1116 (10th Cir. 2015).

[7] *Peterson v. Shearson/Am. Express, Inc.*, 849 F.2d 464, 466 (10th Cir. 1988).

[8] *Kathan*, No. 2:19-cv-00486-TC, 2019 WL 4757870, at *2.

3

third-party beneficiary theory looks to the intentions of the parties at the time the contract was executed.[9] If, at the time of contracting, the intent to make someone a third-party beneficiary is "clearly written or evidenced in the contract," then the presumption that the parties were only contracting for themselves is overcome and the named third-party beneficiaries receive the protections and obligations of arbitration.[10]

The Arbitration Agreement applies to "any claim or dispute . . . between you and us or our employees, agents, successors or assigns, which arises out of or relates in any way to . . . any loan, purchasing or finance contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract)."[11] Here, Plaintiff's claims concern Defendant's attempts to collect on the loan, which arises out of and relates to the loan.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Compel Arbitration (Docket No. 14) is GRANTED. This action is STAYED pending arbitration.

DATED this 13th day of January, 2021.

BY THE COURT:

Ted Stewart
United States District Judge

---

[9] *Bridas S.A.P.I.C. v. Gov't of Turkm.*, 345 F.3d 347, 362 (5th Cir. 2003).

[10] *Id.* (internal quotation marks omitted); *see also Bybee v. Abdulla*, 189 P.3d 40, 49 (Utah 2008) (quoting *Rio Algom Corp. v. Jimco, Ltd.*, 618 P.2d 497, 506 (Utah 1980)) ("A third party may claim a contract benefit only if the parties to the contract clearly express an intention 'to confer a separate and distinct benefit' on the third party.").

[11] Docket No. 14-1 Ex. 3.